FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 07, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OPAL V.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:20-CV-03170-ACE <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS <br><br> ECF No. 22, 24 |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 22, 24.  Attorney Christopher H. Dellert represents Opal V. (Plaintiff); Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 5.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff protectively filed an application for Supplemental Security Income in February 2017, Tr. 15, 34, alleging disability since May 4, 2008, due to severe

---

[1]To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.  *See* LCivR 5.2(c).

asthma, back pain, diabetes, ulcerative colitis, psoriasis, obesity, allergies, depression, anxiety, PTSD, and a learning disorder. Tr. 173, 191-192. Plaintiff later amended her alleged onset date to February 3, 2017. Tr. 15, 34. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Laura Valente held a hearing on December 6, 2019, Tr. 32-52, and issued an unfavorable decision on January 3, 2020, Tr. 15-26. The Appeals Council denied Plaintiff's request for review on August 20, 2020. Tr. 1-6. The ALJ's January 2020 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 14, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on May 4, 1990, Tr. 173, and was 26 years old on the amended alleged disability onset date, February 3, 2017, Tr. 34. She earned her GED in 2007. Tr. 192. Plaintiff testified she has two children, ages eight and six, and was responsible for their care. Tr. 37-38, 42. Plaintiff's children are deaf. Tr. 41-42.

Plaintiff's disability report indicates she stopped working on December 24, 2016, because the work was seasonal (Salvation Army bell ringer during the Christmas season), but believed her conditions became severe enough to keep her from working on May 4, 2008. Tr. 192. At the administrative hearing, Plaintiff stated she worked as a bell ringer in November/December 2017, worked in 2018 with Yakima Valley Farm Workers and Work First, and worked in 2018-2019 as a cashier at Walmart. Tr. 38-39, 41. She indicated she was fired from the cashier position because she had missed work due to problems with her hands. Tr. 39. At the time of the December 6, 2019 administrative hearing, Plaintiff was working four hours a day, five days a week as a receptionist. Tr. 45. However, she stated she would not be able to perform this job eight hours a day, five days a week, because of her health issues. Tr. 46.

She testified she experienced issues with her hands prior to working as a cashier, Tr. 44, but the pain increased significantly while working at that position, Tr. 39-40.  After she was no longer working at Walmart, she was able to schedule and undergo carpal tunnel release surgeries.  Tr. 40.  Following the carpal tunnel release surgeries in March and June 2019, she was able to pick up and hold things for a longer period of time and her fingers were no longer completely numb (just the tips).  Tr. 45.

Plaintiff testified she also suffers from allergies and asthma which cause her to get winded or short of breath, cause coughing and wheezing, and make her tire easily.  Tr. 43.  She takes medication for her symptoms, including injections or infusions, an albuterol inhaler, and a nebulizer.  Tr. 42-44.

Plaintiff also indicated she has an umbilical hernia that causes pain throughout the day and makes her nauseated.  Tr. 46-47.  She stated she needed to have gastric bypass surgery before doctors would fix her hernia.  Tr. 47.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 3

*Tackett*, 180 F.3d at 1098; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On January 3, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 3, 2017, the date the disability application was filed. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: asthma, bilateral carpal tunnel syndrome, left upper extremity DeQuervain's,[2] obesity, and history of a hernia.  Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations: she can sit, stand, and walk six hours each in an eight-hour workday; she can never climb ladders, ropes or scaffolds; she can perform all other postural activities occasionally; she has no limits on her ability to balance; bilateral fine fingering and gross handling is limited to frequent; and she must avoid concentrated exposure to extreme cold, heat, pulmonary irritants and hazards.  Tr. 20.

At step four, the ALJ found Plaintiff was able to perform her past relevant work as a fundraiser II, cashier II, and hospital admit clerk.  Tr. 24.

Furthermore, the ALJ determined at step five that based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of storage facility rental clerk, furniture rental consultant, and marker.  Tr. 24-26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from February 3, 2017, the date the disability application was filed, through the date of the ALJ's decision, January 3, 2020.  Tr. 26.

///

---

[2]DeQuervain's is a painful inflammation of tendons on the side of the wrist at the base of the thumb.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff asserts the ALJ erred by: (1) failing to provide specific and legitimate reasons for discounting the opinions of Plaintiff's treating doctor, Patrick Moran, D.O.; (2) improperly acting as her own medical expert when formulating Plaintiff's RFC; (3) failing to provide specific, clear, and convincing reasons for discounting Plaintiff's allegations of physical dysfunction; and (4) failing to discuss or provide specific and legitimate reasons for discounting the opinion of state agency psychologist, Patricia Kraft, Ph.D. ECF No. 22 at 2.

**DISCUSSION**

**A.    Dr. Moran**

Plaintiff first argues the ALJ erred by failing to provide specific and legitimate reasons for discounting the opinions of Plaintiff's treating doctor, Patrick Moran, D.O. ECF No. 22 at 4-14. Defendant responds the ALJ reasonably weighed the medical opinions of Dr. Moran. ECF No. 24 at 11-17.

For disability applications filed prior to March 27, 2017, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

physician." *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's opinion "with nothing more" does not constitute substantial evidence).

In weighing the medical opinion evidence of record, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must also set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

On October 6, 2017, Dr. Moran, Plaintiff's treating physician, completed a WorkFirst Documentation Request Form for Medical or Disability Condition. Tr. 699-703. Dr. Moran wrote that Plaintiff had "severe, persistent asthma" and "significantly reduced lung capacity." Tr. 699. He opined Plaintiff should be limited to 1 to 10 hours of sedentary work per week. Tr. 699, 701.

On December 4, 2019, Dr. Moran filled out a "Medical Report" form at the request of Plaintiff's attorney. Tr. 1000-1002. Dr. Moran indicated Plaintiff had been diagnosed with bilateral carpal tunnel syndrome, right cubital tunnel syndrome, thoracic out syndrome, and asthma. Tr. 1001. His prognosis was noted as "likely chronic pain/weakness." Tr. 1001. He opined Plaintiff would likely miss two days of work per month on average due to exacerbation of her symptoms. Tr. 1001. Dr. Moran indicated Plaintiff would be restricted to sedentary work and would be limited to occasional use of her bilateral upper extremities for handling and reaching. Tr. 1002.

In reaching her RFC determination, the ALJ accorded "little weight" to the opinions of Dr. Moran, indicating that treatment notes showed Plaintiff's asthma was generally well managed when she adhered to treatment; her breathing difficulties were usually in the context of acute issues such as exposure to wildfires, not using her inhaler, or smoking cigarettes; the opinion was not consistent with Plaintiff's ability to care for two small children who have special needs and findings throughout the record that Plaintiff's impairments improved with treatment; and the limitations were inconsistent with Plaintiff reported improvement in her hand issues following her carpal tunnel release surgeries and treatment notes indicating a fairly normal and unremarkable recent wellness exam. Tr. 23-24.

The ALJ instead accorded "some weight" to the nonexamining DDS opinions of Drs. Louis Martin and Alnoor Virji that Plaintiff could perform light exertion level work. Tr. 23, 76-77, 90-92. The ALJ found their opinions were generally supported by the treatment notes showing Plaintiff to be in no distress and to have improvement in her impairments with treatments and consistent with Plaintiff's ability to care for her children and her desire to return to work. Tr. 23.

First, the only medical opinion evidence of record noted by the ALJ which contradicted the opinions of Dr. Moran is provided by the state agency nonexamining physicians, Tr. 23, and "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician," *Lester*, 81 F.3d at 830. Moreover, as asserted by Plaintiff, these opinions were rendered prior to the production of treatment records pertaining to Plaintiff's carpal tunnel syndrome diagnoses, nerve conduction studies, and subsequent surgeries.

Second, the Court finds the ALJ's non-compliance rationale unsupported. *See* Tr. 23 (noting "her asthma is generally well managed when she adheres to treatment"). The record reflects Plaintiff experienced asthma exacerbations

frequently, and the ALJ only states these issues are "generally tied to an acute issue such as exposure to wildfire smoke, running out of Albuterol, or smoking," Tr. 23. The ALJ appears to indicate Plaintiff's breathing issues resolved with treatment, Tr. 23, but the record does not clearly reflect this is the case, *see* Tr. 538, 558, 580, 583-584, 589, 594, 601, 610, 648, 651-659, 677, 736, 752, 772, 780, 826, 901-904, 933-946.  The Court finds the ALJ's non-compliance reasoning for discounting the opinions of Dr. Moran is not supported.

Third, the ALJ determined Dr. Moran's assessed limitations were inconsistent with Plaintiff's ability to care for two small children who have special needs.  Tr. 23.  However, the ALJ failed to describe what specific childcare activities of Plaintiff contradicted the opinion of Dr. Moran that Plaintiff was able to perform only a reduced range of sedentary work.  If the ALJ fails to specify his rationale, a reviewing court is unable to review those reasons meaningfully without improperly "substitut[ing] our conclusions for the ALJ's, or speculat[ing] as to the grounds for the ALJ's conclusions." *Brown-Hunter*, 806 F.3d at 492 quoting *Treichler*, 775 F.3d at 1103.  Because the ALJ failed to identify what activities specifically contradicted the opinions of Dr. Moran and how those activities were inconsistent with Dr. Moran's opinions, the Court finds the ALJ's rationale for discounting Dr. Moran's reports in this regard is also not properly supported.

Finally, the ALJ's determination that the opinions of Dr. Moran were inconsistent with Plaintiff's reported improvement of symptoms is also unsupported.  The record reveals Plaintiff had issues with her hands/wrists throughout the relevant time period and before in this case.  Tr. 547 (November 2016), 548 (December 2016), 532-533 (April 2017), 785-786 (February 2018), 823 (August 2018), 870-871 (January 2019), 862 (February 2019).  Plaintiff underwent right carpal tunnel release surgery in March 2019, Tr. 868, and left wrist carpal tunnel release and left wrist first dorsal extensor release surgery in June 2019, Tr. 866.  Although subsequent treatment notes indicate Plaintiff had

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

improvement following these surgeries, there is no indication her symptoms completely resolved and, in any event, this late 2019 improvement of symptoms is not a legitimate basis to discount the presence of hand limitations in 2017, 2018 and early 2019 or Dr. Moran's reports regarding those limitations.

Based on the foregoing, the Court concludes the ALJ erred by failing to provide cogent, specific, and legitimate reasons for rejecting the assessed limitations of Dr. Moran. Plaintiff's RFC is an administrative finding, dispositive of the case, which is reserved to the Commissioner, and, by delegation of authority, to the ALJ. SSR 96-5p. It is thus the responsibility of the ALJ, not this Court, to make a RFC determination. Accordingly, Plaintiff's RFC must be redetermined, on remand, taking into consideration the opinions Dr. Moran, as well as any additional or supplemental evidence relevant to Plaintiff's claim.

B.     ALJ Acting as Medical Expert

Plaintiff contends the ALJ erred by improperly acting as her own medical expert. ECF No. 22 at 14-16. Defendant asserts that the ALJ had no duty to order a consultative examination or consult with a medical expert as there has been no showing of inadequate, incomplete, or ambiguous evidence in this case. ECF No. 24 at 18-20.

It is well-settled that "the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion . . . . [W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him." *McBrayer v. Secretary of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983) quoting *Gober v. Matthews*, 574 F.2d 772, 777 (3rd Cir. 1978); *see also Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (finding it is improper for an ALJ to act as his own medical expert); *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (finding, as a lay person, an ALJ is "not at liberty to ignore medical evidence or substitute his

own views for uncontroverted medical opinion;" he is "simply not qualified to interpret raw medical data in functional terms."); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (finding an ALJ "must not succumb to the temptation to play doctor and make [his] own independent medical findings"); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985) (finding an ALJ may not substitute his interpretation of laboratory reports for that of physician).

The Seventh Circuit has held that a typical case of an ALJ impermissibly "playing doctor" is when the ALJ draws medical conclusions themselves about a claimant without relying on medical evidence. *Green v. Apfel*, 204 F.3d 780, 782 (7th Cir. 2000). An ALJ must not substitute his medical judgment for a doctor's. *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990).

Here, the Court finds the ALJ erred by impermissibly substituted her own interpretation of the evidence for that of the treating doctor. While the ALJ found Dr. Moran's assessed limitations were not supported by the record, the ALJ does not specify medical opinion evidence, other than the state agency reviewers noted above, that indicates Plaintiff is capable of performing work at the physical exertional level determined by the ALJ in this case. The ALJ erred by failing to provide cogent, specific, and legitimate reasons for rejecting treating physician Moran's opinion that Plaintiff would be limited to a reduced range of sedentary exertion level work. A remand is required for reconsideration of Dr. Moran's reports and for further development of the record.

**C.     Plaintiff's Subjective Complaints**

Plaintiff contends the ALJ also erred by improperly rejecting her subjective complaints. ECF No. 22 at 17-18. Defendant asserts substantial evidence supports the ALJ's assessment of Plaintiff's subjective complaints. ECF No. 24 at 3-11.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once

the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 21. The ALJ provided the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: (1) the medical evidence of record did not support the level of impairment claimed; (2) the record reflects Plaintiff's symptoms improved with treatment; and (3) Plaintiff's ability to care for herself while also being the sole caretaker to her two disabled children was inconsistent with her allegations of disabling functional limitations. Tr. 21-23.

Given this matter must be remanded for additional proceedings to remedy defects in light of the ALJ's erroneous determination regarding the medical opinion evidence of record, *see supra*, the ALJ shall also reconsider Plaintiff's statements and testimony on remand and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

**D.   Dr. Kraft**

Plaintiff asserts the ALJ erred by failing to discuss or provide an explanation for discounting the nonexamining opinion of state agency psychologist, Patricia

ORDER GRANTING PLAINTIFF'S MOTION . . . - 12

1   Kraft, Ph.D.  ECF No. 22 at 18-19.  Defendant responds the ALJ was not required
2   to discuss a medical opinion that predated the amended alleged onset date as well
3   as the application date.  ECF No. 24 at 17-18.
4       On August 26, 2015, state agency reviewing medical professional Kraft
5   opined that Plaintiff's mental impairments resulted in some moderate limitations
6   and that Plaintiff should be restricted to superficial contact with coworkers and the
7   general public.  Tr. 62-63.  The ALJ's decision did not mention this pre-disability
8   application date assessment of Dr. Kraft.
9       The relevant time period in this action is from February 3, 2017 (the
10  protective filing date of Plaintiff's disability application) through January 3, 2020
11  (the date of the ALJ's determination in this case).  Evidence from outside of this
12  period of time can be deemed useful as background information; however, it is
13  irrelevant to the extent that it does not address Plaintiff's medical status during the
14  relevant period at issue in this action.  *See Fair v. Bowen*, 885 F.2d 597, 600 (9th
15  Cir. 1989) (medical opinions that predate the alleged onset of disability are
16  relevant only to a claimant's burden of proving the condition has worsened).
17      Since this matter must be remanded for additional proceedings to remedy the
18  above noted errors, the ALJ shall also be instructed to review the 2015 opinion of
19  Dr. Kraft and accord it appropriate weight to the extent it is found to address
20  Plaintiff's condition during the relevant period at issue in this matter.

## CONCLUSION

22  Plaintiff argues the ALJ's decision should be reversed and remanded for
23  additional proceedings.  The Court has the discretion to remand the case for
24  additional evidence and findings or to award benefits.  *Smolen*, 80 F.3d at 1292.
25  The Court may award benefits if the record is fully developed and further
26  administrative proceedings would serve no useful purpose.  *Id*.  Remand is
27  appropriate when additional administrative proceedings could remedy defects.
28  *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).  In this case, the Court

agrees with Plaintiff that further development is necessary for a proper determination to be made. *See* ECF No. 22 at 19.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated. On remand, the ALJ shall reassess the opinions of Drs. Moran and Kraft and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ shall further develop the record by directing Plaintiff to undergo a consultative physical examination and, if warranted, a consultative psychological examination. The ALJ shall reevaluate Plaintiff's subjective complaints, formulate a new RFC determination, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 22**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 24**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED October 7, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 14